**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JOYCE ZATARAIN, as Administratix of the Estate of Coleman Zatarain, deceased,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CIVIL ACTION NUMBER:** |
| **SWIFT TRANSPORTATION, INC., DERICKA R. BLOCKETT,** | ) ) ) ) | **2:09-CV-850-MEF-CSC** |
| **Defendants.** | ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

**COME NOW,** Defendants Swift Transportation, Inc. (hereinafter referred to as "Swift") and Dericka R. Blockett (hereinafter referred to as "Blockett"), by and through their attorneys, and move this Court to enter, pursuant to Rule 56 of the Federal Rules of Civil Procedure, an Order granting summary judgment in Defendants' favor and dismissing the Plaintiff's claims against Defendants on grounds that no genuine issue as to any material fact exists, therefore entitling Defendants to judgment as a matter of law. In support of this Motion, Defendants state as follows:

## I. STANDARD OF REVIEW

Summary judgment is appropriate where, viewing the movant's "evidence and all factual inferences arising from it in the light most favorable to the nonmoving party, there is no genuine issue of any material fact, and the moving party is entitled to judgment as a matter of law." *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010); Fed. R. Civ. P. 56(c). However, "the requirement to view the facts in the nonmoving party's favor extends to genuine

disputes over material facts and not where all that exists is 'some metaphysical doubt as to the material facts.'" *Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010) (*quoting Matsushita Electric Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "In other words, once a moving party has carried its burden under Rule 56(c), 'the non-moving party must produce substantial evidence in order to defeat a motion for summary judgment.'" *Penley*, 605 F.3d at 848 (*quoting Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009)).  Denial of a summary judgment motion is appropriate if the non-movant produces sufficient evidence such "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II.   <u>INTRODUCTION</u>

On May 26, 2009, Joyce Zatarain, as the Administratix of the Estate of Coleman Zatarain, filed her lawsuit against Swift and Swift's driver, Dericka Blockett, in the Circuit Court of Montgomery County, Alabama.  (A true and correct copy of Plaintiff's Complaint is attached to Defendants' Evidentiary Submission as Exhibit A).   Ms. Zatarain asserts claims against the Defendants pursuant to Alabama's wrongful death statute arising out of an automobile accident, wherein her son, Coleman Zatarain, was fatally injured when the vehicle he was driving collided with the rear end of the Swift tractor trailer operated by Blockett. (Exhibit A).  Ms. Zatarain asserts claims for negligence and wantonness against the driver, Blockett; negligent and/or wanton entrustment of the tractor trailer against Swift; and negligent and wanton hiring, training, supervision, and retention of Blockett against Swift.  (Exhibit A).

On June 25, 2009, Swift and Blockett answered Plaintiff's Complaint asserting a general denial of all claims and also asserting affirmative defenses including, among others, contributory negligence.  Defendants propounded Request for Admissions to Plaintiff seeking clarification on

the amount of damages Ms. Zatarain was seeking.  In response to the Request for Admissions, Ms. Zatarain admitted she was seeking compensation in excess of $75,000.  Accordingly, Defendants filed their Notice of Removal to this Honorable Court pursuant to 28 USC §§ 1332, 1441 and 1446 on September 10, 2009.

It is undisputed Coleman Zatarain rear-ended a Swift tractor trailer being driven by Blockett.  Blockett did not breach a duty of care, and the cause of the collision was Mr. Zatarain's failure to keep a proper lookout and speeding.   As Mr. Zatarain's negligent driving was the proximate cause of the accident, Defendants are due to be dismissed as a matter of law.

III.    **STATEMENT OF UNDISPUTED FACTS**

A.    **Background**

1.    Coleman Zatarain resided in Troy, Alabama where he was a student at Troy University. He was also employed on a part-time basis by Rave Theater, Patton Creek 15, located in Hoover, Alabama.  (A true and correct copy of Plaintiff's Responses to Defendants' First Set of Interrogatories is attached as Exhibit B).

2.    Mr. Zatarain lived in Troy, Alabama and was a student at Troy University.   (Exhibit B).

3.    Prior to his accident, Mr. Zatarain had traveled Highway 231 at least one hundred times. (Exhibit B).

4.    Derrick Blockett is a resident of Whiteville, Tennessee. (A true and correct copy of the deposition transcript of Dericka Blockett is attached to Defendants' Evidentiary Submission as Exhibit C, p. 6, line 16).

5.    Blockett received his Commercial Driver's License ("CDL") after graduating from driver training school in Millington, Tennessee. (Exhibit C, p. 12, lines 13-17).

1132175_2

6.    Blockett testified his CDL has never been suspended nor revoked. (Exhibit C, p. 8, lines 6-7 & p. 39 lines 7-9).

7.    Besides the subject accident, Blockett has never been involved in another accident. (Exhibit C, p. 34, lines 7-13).

8.    Blockett continued to work for Swift until October, 2009.  (Exhibit C, p. 8, lines 8-12).[1]

9.    The deposition of Swift's Corporate Representative, Dennis Ritchie, was taken on September 20, 2010.   (A true and correct copy of the deposition transcript of Dennis Ritchie is attached to Defendants' Evidentiary Submission as Exhibit D).

10.   Mr. Ritchie testified that the documents produced in discovery were true and accurate copies of the originals maintained by Swift.  (Exhibit D, p. 136, lines 9-13).

11.   The Driver Master for Blockett (Bates page 676) is attached as Exhibit E.  That exhibit indicates Mr. Blockett was hired by Swift on July 15, 2005.

12.   Blockett did not receive any speeding, moving or overweight tickets while working for Swift.  (Exhibit C, p. 11, lines 21-24).

13.   Prior to the accident, Blockett had performed a pre-trip inspection, and that inspection revealed his truck and trailer were in good working order.  (Exhibit C, p. 33, lines 13-17).

**B.    June 6, 2007 Accident**

14.   During the early hours of June 6, 2007, while travelling on Highway 231 South, near the intersection of Highway 82, Mr. Zatarain's Saturn collided with the rear of the Swift tractor trailer operated by Blockett.[2]  (A true and correct copy of the deposition transcript of Corporal Cynthia Hardy is attached to Defendants' Evidentiary Submission as Exhibit F, p. 14, lines 7-10; p. 14, lines 3-13; and p.19, lines 17-18 ; a true and correct copy of the

---

[1] Blockett was not questioned extensively about his employment with Swift.
[2] The crash was violent whereby the front passenger wheel assembly was torn off and the tandems (or the back set of wheels of the trailer) of the tractor trailer stopped the Saturn. (Exhibit J, p. 66, lines 10-14; p. 98, lines 6-11).

deposition transcript of Lieutenant Anthony Frost is attached to Defendants' Evidentiary Submission as Exhibit G, p. 17, lines 2-6).

15.   Blockett testified he did not feel the impact of the Saturn striking his truck and trailer. (Exhibit C, p. 18, lines 4-8).

16.   Blockett heard a "boom" which, at the time, he believed was a flat tire.  (Exhibit C, p. 17, line 20 - p. 18, line 8).

17.   After Blockett heard the "boom," he eased his tractor trailer onto the right shoulder. (Exhibit C, p. 19, line 1 - p. 20, line 5).

18.   Blockett did not immediately apply his brakes after the impact.  (Exhibit C, p. 38, lines 12-14).

19.   After Blockett stopped his tractor trailer, he saw Mr. Zatarain's vehicle lodged underneath his trailer.  (Exhibit C, p. 20, lines 12-14 & p. 33, lines 3-4).

20.   Blockett testified there was not anything he could have done which would have prevented Mr. Zatarain from striking the tractor trailer.  (Exhibit C, p. 52, lines 8-10).

21.   Blockett testified he was going 40 miles per hour at the time of the accident.  (Exhibit C, p. 17, lines 13-16; p. 19, lines 18-23; & p. 43, lines 20-22).

**C.      Investigation by Alabama State Troopers**

22.   Corporal Hardy, the investigating officer, completed the Alabama Uniform Traffic Accident Report (hereinafter "Accident Report") for the accident involving Mr. Zatarain and the Defendants.  (Exhibit F, p. 11, line 23 - p. 12, line 3).

23.   Corporal Hardy and Lieutenant Frost testified they were not aware of any witness to the collision.  (Exhibit F, p. 16, lines 10-15; Exhibit G, p. 37, lines 19-20).

1132175_2

24.   The posted speed limit on Highway 231 South at the time of the accident was 55 mph. (Exhibit F, p. 13, lines 18-21; Exhibit G, p. 28, lines 14-19).

25.   The location of the accident occurred within a construction zone.  (Exhibit F, p. 12, lines 16-22; Exhibit G, p. 29, lines 9-19 & p. 66, lines 13-17).

26.   Construction signs were in the vicinity of the accident scene.  (Exhibit G, p. 66, lines 13-17).

27.   The accident happened after midnight at approximately 12:40 AM on June 6, 2007 (Exhibit F, p. 14, line 7; Exhibit G, p. 17, line 6).

28.   Lieutenant Frost, the supervising officer, made measurements of the skid marks made by the Saturn and the drag marks resulting from the collision.  (Exhibit G, p. 53, lines 16-23; p. 26, line 6 - p. 27, line 15).

29.   Corporal Hardy and Lieutenant Frost testified Blockett told them that he was travelling approximately 40 miles per hour at the time of the collision.   (Exhibit F, p. 15, lines 14-23 & p. 19, line 23 - p. 20, line 5; Exhibit G, p. 31, lines 13-22).

30.   Using Blockett's speed of 40 mph, Lieutenant Frost calculated Mr. Zatarain's vehicle was travelling 68 mph pre-skid.  (Exhibit G, p. 31, lines 2-4).

31.   Lieutenant Frost testified that the line of sight travelling South on Highway 231 is more than a half mile prior to the accident scene.  (Exhibit G, p. 21, lines 3-8).

32.   Lieutenant Frost testified there was no minimum speed posted for Highway 231.  (Exhibit G, p. 62, line 21 - p. 63, line 1).

33.   Lieutenant Frost testified that he would not have had a problem with Blockett's truck travelling 5 mph at the location of the accident in the right hand lane.  (Exhibit G, p. 63, line 23 - p. 65, line 23).

1132175_2

34.   Corporal Hardy testified as follows: "Like I said, there wasn't nobody there when I got there besides the driver, and there may have been one or two other people, I'm not really sure.  To be honest, if it's cut and dry -- to me, it was a cut and dry accident, like he might have fell asleep or -- you know, because there really wasn't no skid marks.  It was like he just ran up under the truck.  I don't know if he had a heart attack or anything like that, but it was just like the truck was just easing along and, to me, it was just like a cut and dry accident."  (Exhibit F, p. 19, lines 9-22).

35.   During Lieutenant Frost's deposition, he testified as follows:  "Well, you've got a truck in front of you as big as a house, and the way the truck is made, at night, that metal, it's illuminated.  I mean, you can't miss it.  And for the distance he had to top that hill, which I did go back and see what he would have been seeing, you had to have seen the truck in front of you.  There's no way you can miss it. You have plenty of distance, even at a high rate of speed, to change lanes or slow down unless you're doing something else in the car."  (Exhibit G, p. 69, lines 5-17).

**D.     Expert opinions**

36.   Swift and Blockett retained a human factors expert, Michael Loop, and accident reconstruction expert, Allen Powers.  (A true and correct copy of the Defendants' Rule 26 Expert Disclosures is attached to Defendants' Evidentiary Submission as Exhibit H).[3]

37.   Dr. Loop was deposed on December 28, 2010.  (A true and correct copy of the deposition transcript of Michael Loop is attached to Defendants' Evidentiary Submission as Exhibit I).

---

[3] Attached to Defendants' Rule 26 Disclosures are the qualifications and experience for these gentlemen.

38.     Dr. Loop testified he inspected a Swift trailer, similar to the one operated by Blockett, on November 5, 2010 at 5:15 AM at the Cordova, Alabama entrance ramp for Corridor X. (Exhibit I, p. 12, lines 14-18).

39.     During his inspection, he photographed and took light measurements of the back of the Swift trailer at distances of 60 feet and 209 feet using his vehicles headlights (low and high beams) **only** to illuminate the Swift trailer.  (Exhibit I, p. 13, line 18 - p. 16, line 18).[4]

40.     Based on his analysis, qualifications and experience, the Swift trailer would have been clearly visible to Mr. Zatarain for the actual measured distance of the line of sight. (Exhibit I, p. 24, lines 5-17).

41.     Moreover, Dr. Loop testified that a person seeing the lights of the Swift trailer would recognize those as being an 18-wheeler's lights, and it would be "unmistakeable." (Exhibit I, p. 25, lines 4-12).

42.     Allen Powers was deposed on December 14, 2010.  (A true and correct copy of the deposition transcript of Allen Powers is attached to Defendants' Evidentiary Submission as Exhibit J).

43.     Mr. Powers testified that he and another engineer, Garrett Davis, inspected and measured the accident scene and Mr. Zatarain's vehicle on October 18, 2010.  (Exhibit J, p. 40, line 10 & p. 47, lines 9 & 21).

44.     Mr. Powers measured the line of sight as one quarter to one third of a mile.  (Exhibit J, p. 63, lines 12-16).

---

[4] Light measurements only recorded the light from Dr. Loop's vehicle.  The trailer lights were excluded.  (Exhibit I, p. 25, line 13 - p. 26, line 5).

45.  Mr. Powers calculated a Delta V for the Saturn of 29-34 mph[5].  The Delta V is the change in longitudinal velocity of the Saturn as a result of the impact.  Mr. Powers' energy calculations ignored damage to the Swift trailer, the Saturn's engine, and the Saturn's front passenger wheel assembly.  Accordingly, the 29-34 mph range is on the low end of the actual Delta V for the accident.  (Exhibit J, p. 64, lines 17-23).

46.  The 29-34 range means that the Saturn was going 29-34 mph faster than the Swift truck and trailer <u>at impact</u>.  (Exhibit J, p. 102, lines 5-13).

47.  Plaintiff hired consultant Donald P. Phillips[6] who was deposed on December 8, 2010.  (A true and correct copy of the deposition transcript of Donald Phillips is attached to Defendants' Evidentiary Submission as Exhibit K).

48.  Mr. Phillips testified that the Delta V between the Swift trailer and Saturn pre-skid was 44 mph.  Meaning if the Swift truck and trailer was travelling 12 mph (which is denied by Defendants and not supported by any evidence), the Saturn would have been travelling 56 mph. (Exhibit K, 124, lines 2-16).[7]

## IV.   ARGUMENT

### A.   Introduction

Plaintiff asserts two causes of action (Count I - Negligence and Count II - Wantonness) against Blockett and three causes of action (Count III - Negligent and wanton entrustment; Count IV - Negligent hiring, training, retention and supervision; and Count V - Wanton hiring, training,

---

[5] Mr. Powers combined the crush energies for the front bumper and roof by performing classical crush energy analysis using information derived from government and peer reviewed crash tests data.  (Exhibit J, p. 67, lines 10-19).

[6] Defendants reserve their right to move to strike Mr. Phillips' opinions at the time prescribed by this Honorable Court's Scheduling Order.  Defendants are citing to certain opinions of Plaintiff's expert only for the purpose of showing Plaintiff's own expert supports Defendants' position that Mr. Zatarain was speeding prior to impacting Swift's tractor trailer.

[7] Mr. Phillips testimony supports a finding that Mr. Zatarain was speeding prior to slamming on his brakes and colliding with the Swift trailer.

1132175_2

retention and supervision) against Swift. All of these claims are being pursued under Alabama's wrongful death statute. See Alabama Code § 6-5-410.

By any reasonable calculation, Mr. Zatarain's Saturn was **exceeding the posted 55 mph speed limit in a construction zone**. It is also clear Mr. Zatarain **failed to keep a proper lookout**. Assuming Plaintiff can establish that Defendants were in some manner negligent (which Defendants deny), Plaintiff himself was negligent. The line of sight was at a minimum one quarter mile or 1320 feet. Swift's trailer would be clearly visible at that distance prior to the collision. Mr. Zatarain's speeding and inattention was the sole cause of the collision. Accordingly, Mr. Zatarain's own negligence bars any recovery by Plaintiff in this action even if the Defendants were negligent themselves.

### B.  Plaintiff cannot establish Defendants' conduct was negligent

To survive summary judgment on a negligence claim, the Plaintiff must present substantial evidence of 1) the existence of a duty on the part of a defendant; 2) a defendant's breach of that duty; 3) the existence of cause or relationship between defendant's conduct and the plaintiff's injury; and 4) resulting injury to the plaintiff. *Ford Motor Company v. Burdeshaw*, 661 So. 2d 236 (Ala. 1995).

Although generally a summary judgment is not appropriate in a negligence action, there are some instances when summary judgment is appropriate. *Cabaniss v. Wilson*, 501 So.2d 1177 (Ala. 1986); *Duffy v. Bel Air Corp.*, 481 So.2d 872, 873 (Ala. 1985); *Shaw v. Lipscomb*, 380 So.2d 812, 814 (Ala. 1980); *Hines v. Hardy*, 567 So.2d, 1283 (Ala. 1990); *Bennett v. Cole*, 426 So.2d 829 (Ala.Civ.App. 1981), *affirmed*, 426 So.2d 832 (Ala. 1982); *Sisk v. Heil Co.*, 639 So.2d 1363, 1365 (Ala. 1994). In the case at hand, the Plaintiff has offered no evidence that

Defendants breached a duty to the Plaintiff.  If ever there was a negligence case that warranted a motion for summary judgment, this is the case.

In the case of *Shows v. Donnell Trucking Co.*, 631 So.2d 1010 (Ala. 1994), the estate of a driver killed in a collision with a tractor trailer brought a wrongful death action against the driver and trucking company which included counts of negligence and wantonness.  Shows died when her vehicle crossed the median of a four-lane highway and collided with the truck.  *Id.*  The trucking company presented affidavits from witnesses, the driver and the investigating police officer in support of the motion for summary judgment.  *Id.*  The witnesses and driver testified that the truck driver was not speeding or driving erratically, and that there was nothing he could do to avoid the collision. *Id.* at 1012.  The police officer testified that the truck driver was not issued any citation and it did not appear that he had done anything wrong. *Id.*  The trial court granted summary judgment on the negligence and wantonness counts in favor of the defendant. *Id.* at 1011.

The facts in *Fox v. Bartholf*, 374 So.2d 294 (Ala. 1979) is a factually similar case which provides insight into the issue of the burden a plaintiff must carry in order to overcome a motion for summary judgment.  Fox was the passenger in a vehicle that approached an intersection where a pickup truck with a trailer was stopped or was moving slowly.  *Id.*  Bartholf topped a rise near the intersection and became aware of a possible collision between the vehicle in which Fox was a passenger and the pickup truck and trailer.  *Id.*  Bartholf turned to his right and partially removed his truck from the highway when the Fox vehicle struck the pickup truck and trailer, then struck Bartholf's vehicle.  *Id.*

The Alabama Supreme Court determined that there was no question that the car in which Fox was riding hit the pickup truck, then crossed the center line into Bartholf's vehicle.  *Id.*

11

Even if any improper conduct on the part of Bartholf could be found, the Court stated that a jury could not properly find the conduct proximately resulted in Fox's injury. *Id.* at 296. Referencing Judge Sanford's opinion in *Reaves v. Hoffman*, 28 Ala.App. 188, 190, 180 So. 600, 601 (1938), the Court decided that the accident occurred "without any contributing cause on the part of the defendant, other than the fact that his vehicle happened to be at the place plaintiff was."

In the instant case, Blockett testified he was travelling 40 mph. (Exhibit C, p. 17, lines 13-16; p. 19, lines 18-23; & p. 43, lines 20-22)**.** There have been no witnesses identified who observed the collision between Mr. Blockett's trailer and Mr. Zatarain. (Exhibit F, p. 16, lines 10-15; Exhibit G, p. 37, lines 19-20). Lieutenant Frost testified there would not be an unsafe speed for an 18-wheeler to travel on that stretch of road. (Exhibit G, p. 62, line 21 - p. 63, line 1). Both State Troopers opined that the cause of the accident was Mr. Zatarain speeding and being inattentive. (Exhibit F, p. 19, lines 9-22; Exhibit G, p. 69, lines 5-17). Plaintiffs' claim of negligence should be dismissed as a matter of law.

### C.   Plaintiff cannot establish Defendants' conduct was wanton

"To be guilty of wanton conduct, one must, with reckless indifference to the consequences, consciously and intentionally do some wrongful act or omit some known duty." *Carter v. Treadway Trucking, Inc.*, 611 So. 2d 1034, 1034 (Ala. 1992). "Implicit in wanton, willful, or reckless misconduct is an action, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury…." *Lynn Strickland Sales & Serv., Inc. v. Arro-Lane Fabricators, Inc.*, 510 So. 2d 142 (Ala. 1987). Thus, if a plaintiff fails to produce evidence of the defendant's state of mind, the Alabama Court of Civil Appeals has held the defendant is entitled to summary judgment as a matter of law. *Boyd v. Wal-Mart Stores, Inc.*,

710 So. 2d 1258, 1261 (Ala. Civ. App. 1997).  No evidence exists that Defendants consciously or intentionally did a wrongful act or failed to perform any duty.   Therefore, the Plaintiffs' wantonness claim fails as a matter of law.

### D.      Plaintiff's Claims are Barred by the Doctrine of Contributory Negligence

A plaintiff is contributorily negligent when he "1) had knowledge of the dangerous condition; 2) had an appreciation of the danger under the surrounding circumstances; and 3) failed to exercise reasonable care, by placing himself in the way of danger." *Ridgeway v. CSX, Transp., Inc.*, 723 So. 2d 600, 606 (Ala. 1998) (citations omitted). "[A] plaintiff cannot recover in a negligence suit when the plaintiff's own negligence is shown to have proximately contributed to the damage, notwithstanding a showing of negligence on the part of the defendant." *Knight v. Alabama Power Co*., 580 So. 2d 576, 577 (Ala. 1991). Contributory negligence can be found as a matter of law "where the facts are such that all reasonable persons must reach the same conclusion." *Hannah v. Gregg, Bland & Berry, Inc*., 840 So. 2d 839, 860 (Ala. 2002).  It is appropriate to find contributory negligence on a summary judgment motion if the evidence is undisputed that "the plaintiff put himself in danger's way and . . . had a conscious appreciation of the danger at the moment the incident occurred."  *Id*. (citations omitted). In other words, summary judgment is appropriate where the defendant "establishe[es] by undisputed evidence a plaintiff's conscious appreciation of danger."   *Id*. at 861 (citations omitted). "[C]ontributory negligence is a complete defense to a claim based on negligence." *Knight*, 580 So. 2d at 577 (*citing Creel v. Brown*, 508 So. 2d 684 (Ala. 1987)).  *See also Waters v. Bucyrus-Erie Co.*, 537 So. 2d 24 (Ala. 1989) (summary judgment affirmed), *citing Brown v. Piggly-Wiggly Stores*, 454 So. 2d 1370 (Ala. 1984); and *Buchanan v. Mitchell*, 741 So.2d 1055 (Ala. 1999) (summary judgment affirmed).

13

In *Ridgeway v, CSX Trans, Inc.*, the Alabama Supreme Court held that a railroad company was not liable for the death of the plaintiff's wife because her own negligence was a contributing cause of the accident. 723 So. 2d at 606. The plaintiff's wife, Mrs. Ridgeway, was struck by a train as she crossed an unguarded railroad crossing. The plaintiff sued the railroad company, alleging that that they negligently failed to install an "active warning device," such as a gate. *Id.* at 603. The Court noted that Mrs. Ridgway was knowledgeable of the area surrounding the railroad track and that she crossed the tracks on a regular basis. *Id.* at 606.  The Court also noted the only eye-witnesses to the accident testified that Mrs. Ridgeway did not stop at the railroad crossing, despite efforts made by the engineer to alert her to the train's presence. *Id.* The Court concluded that "the undisputed facts were such that all reasonable people would logically have to draw the same conclusion-that Ms. Ridgeway was contributorily negligent." *Id.*

In the instant action, Mr. Zatarain had travelled Highway 231 at least a 100 times. (Exhibit B).  At the accident scene, the speed limit was 55 mph and construction signs were in the vicinity. (Exhibit F, p. 12, lines 16-22; Exhibit G, p. 29, lines 9-19 & p. 66, lines 13-17). The Swift trailer was clearly visible for at least one quarter of a mile or 1320 feet, and it would be "unmistakeable" to any driver on the road. (Exhibit I, p. 25, lines 4-12;  Exhibit J, p. 40, line 10 & p. 47, lines 9 & 21).  Anyone, including Mr. Zatarain, would be aware of the dangerous condition and the risk involved in not slowing down and avoiding collision with an 18-wheeler truck and trailer.  Speeding and failure to keep a proper look out at night in a construction zone is dangerous.  Accordingly, Mr. Zatarain had sufficient knowledge of the conditions with which he would be faced in speeding through a construction zone.

In addition, the evidence is undisputed Mr. Zatarain did not use reasonable care. Reasonable care has been defined by the Alabama Supreme Court as that degree of care which a

reasonably prudent person would exercise under the same circumstances. *Bean v. Bic Corporation*, 597 So. 2d 1350 (*citing Alabama Pattern Jury Instructions (Civil)*, 32.07).  A reasonable person would have slowed down while driving through a construction zone late at night.  Additionally, any motorist on a highway similar to Highway 231 knows that vehicles (commercial, farming or passenger) can enter at anytime from either side of the highway.  Accordingly, a motorist must be attentive to what is happening in front of him or her.  Moreover, as the State Troopers testified, there is no way Mr. Zatarain should have hit the Swift truck and trailer unless he was not paying attention to the road.  (Exhibit F, p. 19, lines 9-22; Exhibit G, p. 69, lines 5-17).

These actions do not exhibit the degree of care that a reasonably prudent person would have exercised under the same circumstances.  No reasonable person would speed during that stretch of road and not pay attention to his surroundings.  Based on the foregoing, the evidence reflects that Mr. Zatarain was contributorily negligent.  As such, even if it is shown the Defendants were negligent in some manner, Defendants cannot be found liable by the jury based on the doctrine of contributory negligence.

**E.    Plaintiff's Claims are barred because Mr. Zatarain was contributorily negligent *per se***

"Generally, the violation of a traffic ordinance or rule of the road constitutes negligence *per se*," however, the violation of some rules of the road constitute only *prima facie* evidence of negligence. *Carroll v. Deaton, Inc.*, 555 So. 2d 140, 141 (Ala. 1989). It is a question for the trial court to determine whether the violated rule constitutes negligence *per se*. *Consolidated Freightways, Inc. v. Pacheco-Rivera*, 524 So. 2d 346, 350 fn. 3 (Ala. 1988).

To establish that the violation of a statutory rule is negligence *per se*, the following elements must be established "(1) The statute must have been enacted to protect a class of

persons, of which the plaintiff is a member; (2) the injury must be of the type contemplated by the statute[8]; (3) the defendant must have violated the statute; and (4) the defendant's statutory violation must have proximately caused the injury. *Fox v. Bartholf*, 374 So. 2d 294, 295 (Ala. 1979).

It is clear that Mr. Zatarain was speeding, and thus, Mr. Zatarain violated Alabama's "Rules of the Road" and specifically Alabama Code § 32-5A-171, Maximum Speed.  In violating § 32-5A-171, Mr. Zatarain is guilty of contributory negligence *per se*. As such, he cannot recover against the Defendants.  *Burleson v. RSR Group Fla., Inc*., 981 So. 2d 1109, 1112 (Ala. 2007) ("A plaintiff cannot recover in a negligence action where the plaintiff's own negligence is shown to have proximately contributed to his damage, notwithstanding a showing of negligence on the part of the defendant.")

The case of *Bergob v. Scrushy*, 855 So. 2d 523 (Ala. Civ. App. 2002) is instructive. In that case, the plaintiff and defendant were involved in an automobile accident.  *Id*.  The evidence indicated the defendant failed to yield the right of way to the plaintiff, as she turned onto the road from a McDonald's parking lot, resulting in the collision.  *Id*.  Defendant argued that she assumed the plaintiff was turning right, because his right turn signal was on.  *Id*.  The jury found in favor of the passenger plaintiff, but not the driver, finding that he was contributorily negligent. *Id*.  The driver appealed, arguing that he was not guilty of any negligence, and that the defendant was entirely at fault for failing to yield the right of way. The Court agreed, and concluded "§ 32-5A-114 provides that Bergob, as a driver of an automobile about to enter a road, must yield to oncoming traffic. That section does not qualify that requirement with an exception in situations

---

[8] The class of persons being protected are drivers and passengers of automobiles travelling on Alabama's roads.  Mr. Zatarain was clearly a person for which Alabama Code § 32-5A-171, Maximum Speed, was enacted to protect. Moreover, speeding causes vehicular accidents and is the reason speed limits are mandatory upon Alabama's roads.

16

in which a driver makes an *assumption* regarding the actions another driver will take." *Id.* at 532. (Emphasis in original).

In this matter, Mr. Zatarain was guilty of speeding. As such, Plaintiff's negligence claim against the Defendants is due to be dismissed, as he was guilty of contributory negligence as a matter of law.

**F.      Mr. Zatarain failed to maintain a proper lookout**

Alabama case law is clear that every driver has a duty to maintain a proper lookout while driving.  *See Hood v. Murray*, 547 So. 2d 75 (Ala. 1989) (discussed driver's duty to maintain a proper lookout); *Collins v. Shelley,* 514 So. 2d 1358 (Ala. 1987) (same); and *Cox v. Miller*, 361 So. 2d 1044 (Ala. 1978) (same).   That duty is embodied in Alabama Pattern Jury Instruction 26.08 which states:

**APJI 26.08 Duty to Keep a Lookout**

A driver of a motor vehicle must keep a lookout for those who are also using the highway and must exercise due care to anticipate the presence of others upon the highway.  A motor vehicle driver is chargeable with knowledge of what a prudent and vigilant operator would have seen, and is negligent *[or contributorily negligent]* if he fails to discover a vehicle which *(a traveler whom)* he could have discovered in time to avoid the injury.

A driver is also negligent *[or contributorily negligent]* if he sees a vehicle *(person)* located in a dangerous situation upon a highway and does not then exercise due care to avoid *(injury)(damage).*

In this case, the speed limit was 55 mph and construction signs were in the vicinity. (Exhibit F, p. 12, lines 16-22; Exhibit G, p. 29, lines 9-19 & p. 66, lines 13-17).    The Swift trailer was clearly visible for at least one quarter of a mile or 1320 feet, and it would be "unmistakeable" to any driver on the road. (Exhibit I, p. 25, lines 4-12;  Exhibit J, p. 40, line 10 & p. 47, lines 9 & 21).  It is clear Mr. Zatarain should have seen the trailer, and his failure to maintain a proper lookout caused him to rear-end Blockett's tractor trailer.

G.     **Plaintiff cannot establish the basic elements of negligent entrustment**

In order to establish a negligent entrustment claim, Plaintiff must bring forth substantial evidence of the following:  (1) an entrustment, (2) to an incompetent, (3) with knowledge that he is incompetent, (4) proximate cause, and (5) damages.  *Prill v. Marrone,* 23 So. 3d 1, 6 (Ala. 2009).  In the present case, Plaintiff cannot satisfy this burden because she cannot present any evidence, much less substantial evidence Blockett was incompetent or Swift knew that Blockett was incompetent.

1.     **Under Alabama law, Mr. Blocket is a competent driver**

In *Askew v. R&L Transfer, Inc.,* 676 F. Supp. 2d 1298 (M.D. Ala. 2009), the United States District Court for the Middle District of Alabama addressed the issue of whether a tractor trailer driver with nearly a decade of experience with two prior moving violations and four prior minor accidents was incompetent under Alabama law.  In reaching its decision the Court noted the following:

> 'Incompetence' is defined as the 'state or fact of being unable or unqualified to do something.' In Alabama, 'the incompetence of a driver is measured by the driver's demonstrated ability (or inability) to properly drive a vehicle' . . . The law requires that a driver have had a 'demonstrated ability to properly drive a vehicle,' it does not require that he have a record completely free of mistake.

*Askew v. R&L Transfer, Inc.,* 676 F. Supp. 2d 1298, 1303 (M.D. Ala. 2009) (citing *Halford v. Alamo Rent-A-Car, LLC,* 921 so. 3d 409, 416 (Ala. 2005) (internal citations omitted); *see also Pryor v. Brown & Root USA, Inc.,* 674 So. 2d 45, 51 (Ala. 1995) (holding that a defendant's prior driving record of two speeding tickets and a suspended DUI charge over a ten year period of time was not sufficient to support a claim of negligent entrustment); *Thompson v. Harvard,* 285 So. 3d 853, 857(Ala. 1970) (holding that proof of two moving citations or accidents within a two year period prior to the accident is probably insufficient to create a fact issue of the driver's

incompetence).  In recognizing that the driver had but a few "blemishes on an otherwise clean professional driving record," the Court held that under the law, he was not incompetent.  *Id.* at 1303.

In *Day v. Williams*, 670 So. 2d 914 (Ala. 1995), the Alabama Supreme Court affirmed summary judgment for the defendant who entrusted a vehicle to an unlicensed driver.  Although the driver had received one speeding ticket and within two years of the accident several tickets for driving without a license and was unlicensed at the time of the entrustment, the Court affirmed summary judgment in favor of the defendant.  The driver's motor vehicle record and lack of a valid driver's license was insufficient to show that the driver was incompetent.

In this case, the evidence is clear that Blockett was a competent driver.  Blockett has been employed by Swift as a driver since 2005. (Exhibit E).  During his employment with Swift, Blockett was not involved in any accidents or charged with any moving violations.  (Exhibit C, p. 34, lines 7-13).  As such, Plaintiff cannot satisfy the second element for her claim of negligent entrustment and summary judgment should be granted in favor of Defendants.

### 2.        Swift did not know Blockett was an incompetent driver

Even if this Court were to find Blockett is an incompetent driver, Swift did not have any reason or knowledge of his incompetency. Blockett had not been involved in any accident or received any citation while driving for Swift.  (Exhibit C, p. 34, lines 7-13).  Absent evidence to satisfy these threshold elements, Plaintiff's claims of negligent entrustment must fail as a matter of law and summary judgment is due to be granted.

1132175_2

**H.**   **Swift is not liable for negligent hiring, training, supervision and retention where there is no evidence Swift had any knowledge of Blockett's alleged incompetence**

**1.**   **Generally**

An employer may be held liable for negligent hiring/supervision where it knew or had reason to know, prior to the alleged tort, of his employee's incompetence. *Big B, Inc. v. Cottingham*, 634 So. 2d 999, 1003-1004 (Ala. 1993).   Only if the employer knew of the employee's incompetence, may the employer be held liable. *Stevenson v. Precision Standard, Inc.*, 763 So. 2d 820, 824-825 (Ala. 1999).   In order to defeat Swift's properly supported Motion for Summary Judgment on her claims of negligent hiring, supervision and retention, Plaintiff must bring forth substantial evidence of the following:   (1) Blockett committed a tort recognized under Alabama law, (2) Blockett was incompetent to drive Swift's vehicle, (3) Swift had actual notice of Blockett's incompetence, and (4) Swift failed to respond to this notice adequately. *Askew v. R&L Transfer, Inc.,* 676 F. Supp. 2d 1298, 1303 (M.D. Ala. 2009) (citing *Stevenson v. Precision Standard, Inc.,* 762 So. 2d 1098, 824 (Ala. 1999), *Lane v. Central Bank of Alabama,* 425 so. 3d 1098, 1100 (Ala. 1983), and *Armstrong Bus. Servs. v. AmSouth Bank,* 817 So. 3d 665, 682 (Ala. 2001)).

To hold an employer liable, the incompetent act must be, "of such a nature, and frequency that the master, in the exercise of due care, must have had them brought to his notice." *Wayne v. Central Bank*, 425 So. 2d 1098, 1100 (Ala. 1983).   This inquiry by the court is job specific. *CSX Transportation, Inc. v. Pyramid Zone Industries, Inc.*, 293 F. Appx. 754, 755-756 (11th Cir. 2008).   In other words, the Eleventh Circuit has stated that, "the appropriate standard of care in the negligent hiring/retention action is whether the employer knew or should have known

the employee was not suited for the particular employment." *Id.* (quoting *W. Indus. v. Poole*, 634 S.E. 2d 118, 121 (Ga. Ct. App. 2006)).

As clearly set out above, Blockett is not an incompetent driver under Alabama law.  As such, summary judgment on Plaintiff's negligent hiring, supervision and retention claim should be granted for this reason alone.

<blockquote>

**2.**     **Additionally, Plaintiff cannot establish an underlying tort in order to establish the derivative claim of negligent hiring, training, retention and supervision**
</blockquote>

The Alabama Supreme Court recognizes no distinction between a claim for wrongful supervision and a claim for wrongful training. *See Southland Bank v. A & A Drywall Supply Co.,* 21 So. 3d 1196 at 1216 n. 17 (Ala. 2008); *Zielke v. AmSouth Bank, N.A.*, 703 So. 2d 354, 357 n. 1 (Ala. Civ. App. 1996) ("After reviewing Alabama case law, we see no distinction between claims of wrongful supervision and claims of wrongful training.") A plaintiff alleging negligent or wanton supervision and training must prove the underlying wrongful conduct of the employee. *See Voyager Insurance Co. v. Whitson*, 867 So. 2d 1065, 1073 (Ala. 2003); *Stevenson v. Precision Standard, Inc.*, 762 So. 2d 820, 826 (Ala. 1999) (holding employer could not be liable for negligent and wanton supervision and training as the plaintiff failed to prove employee was guilty of underlying tortious conduct.).

Plaintiff cannot establish Blockett engaged in any wrongful conduct or was negligent in this matter.  As such, Plaintiff cannot maintain these derivatives claims.

<blockquote>

**3.**     **There is no evidence Swift engaged in any wanton conduct**
</blockquote>

To establish a claim for *wanton* training and supervision, the plaintiff must show the employer acted with reckless or conscious disregard of the rights or safety of others. *Pritchett v. ICN Medical Alliance, Inc.*, 938 So. 2d 933, 941 (Ala. 2006). If the plaintiff fails to show the

21

employer was aware "injury would probably occur," the plaintiff's claim for wanton training and supervision should be dismissed. *See id.*

There is no proof Swift acted with conscious or reckless disregard of the rights and safety of Plaintiff or her son.

## V.    <u>CONCLUSION</u>

Plaintiff cannot establish Defendants' conduct was wanton.  Plaintiff's entrustment and derivative counts against Swift are not supported by substantial evidence.  Mr. Zatarain rear-ended Defendants' trailer on a relatively flat road because he failed to maintain a proper lookout and was speeding.  He was contributorily negligent as a matter of law.  Accordingly, even if the Defendants were negligent (which Defendants deny), Plaintiff cannot recover in this matter.

Respectfully Submitted:

*/s/James C. Gray III*
James C. Gray III (ASB-0584-R53J)
Christopher D. Cobb (ASB-2805-B45C)
Attorneys for Defendants,
Swift Transportation Co., Inc. and
Dericka Blockett

**OF COUNSEL:**

**LLOYD, GRAY, WHITEHEAD & MONROE, P.C.**
2501 20th Place South, Suite 300
Birmingham, Alabama  35223
(205) 967-8822 – Telephone
(205) 967-2380 – Facsimile
Email: jgray@lgwmlaw.com
        ccobb@lgwmlaw.com

22

1132175_2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document to all attorneys of record by electronically filing the foregoing document with the United States District Court, Middle District of Alabama on this the 6th day of January, 2011:

Brian P. Strength, Esq.
**STRENGTH & CONNELLY, LLC**
P.O. Box 830810
Tuskegee, Alabama  36083
brian.strength@gmail.com

Jock M. Smith, Esq.
Valerie R. Russell, Esq.
**COCHRAN, CHERRY, GIVENS & SMITH**
Post Office Box 830419
Tuskegee, Alabama 36083
jsmith@cochranlawtuskegee.com
vrussell@cochranlawtuskegee.com

*/s/James C. Gray III*_____
OF COUNSEL

1132175_2